**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HELEN E. KERSHAW,**

        **Plaintiff,**

**v.**                                                 **Case No.: 8:05-cv-263-T-MSS**

**JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying claims for a period of disability and disability insurance benefits under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

**I.   BACKGROUND**

    **A.   Procedural History**

Plaintiff initially applied for a period of disability and disability insurance

benefits on February 20, 2002. (T. 15) Plaintiff alleged an onset of disability on August 31, 1995. (T. 15) Plaintiff alleged impairments including scoliosis, carpal tunnel syndrome, neck pain, back pain, hypertension, migraines and depression. (T. 16) Plaintiff's claims were denied initially and not pursued further. (T. 15) Plaintiff filed a new application for period of disability and disability insurance benefits on August 12, 2002. (T. 15) Plaintiff's application was denied initially and upon reconsideration. (T. 15) Because the second application followed so closely to the first, the first application, dated February 20, 2002, was reopened. (T. 15) An ALJ Elving L. Torres heard the case on February 26, 2004.

The ALJ determined the Plaintiff was not precluded from performing substantial gainful activity for any continuous period on or before the date she was last insured because she could perform her past relevant work. (T. 16) Therefore, the ALJ determined the Plaintiff was not disabled as defined in the Act. (T. 16)

### B.   Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff was fifty years old on the date last insured for benefits under Title II of the Act. (T. 22) Plaintiff's last insured date under Title II was December 31, 2000. (T. 580) Plaintiff completed high school and four years of college. (T. 585) Plaintiff's past work experience included jobs as an accountant (T. 595), bookkeeper (T. 600), medical social worker (T. 125, 590), school social worker (T. 125, 590), psychological social worker, general duty nurse (T. 125, 593), car wash cashier (T. 125, 597) and tax preparer. (T. 125, 582-83, 589); (T. 22, 611)

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff had a combination of impairments considered severe within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (T. 22, Finding No. 4)

The ALJ determined Plaintiff retained a residual functional capacity ("RFC") for a wide range of sedentary work.  (T. 30, Finding Nos. 6, 12)  The ALJ determined Plaintiff was not precluded from performing her past relevant work, as an accountant, bookkeeper, medical social worker, school social worker, psychological social worker and cashier.  (T. 22, Finding No. 7)  As such, the ALJ concluded that the Plaintiff was not disabled under the Act.  (T. 22, Finding No. 8)

## II.   STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*.  See Davis v.

3

Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.  See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decisions that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Here, Plaintiff asserts three points of error: (1) the ALJ failed to consider Plaintiff's impairments properly; (2) the ALJ failed to consider Plaintiff's subjective complaints fully and adequately; and, (3) the ALJ failed to give proper consideration to the opinions of Plaintiff's treating physicians.

For the reasons that follow, the Undersigned finds that the ALJ's decision is inconsistent with the law.  As such, the Court **ORDERS** that the decision of the Commissioner is **REVERSED** and **REMANDED**.

### III.    DISCUSSION

**A.    Whether the ALJ Failed to Consider Plaintiff's Impairments Properly.**

Plaintiff alleges the ALJ failed to determine the severity of her impairments at step two of the sequential evaluation.

At step two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); 20 C.F.R. §§ 404.1520, 416.920.  This is a

"threshold" inquiry and allows only claims based on the most trivial impairments to be rejected. McDaniel, 800 F.2d at 1031. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the claimant's ability to work, irrespective of age, education, or work experience. Id.; see 20 C.F.R. §§ 404.1520, 416.920. The claimant's burden at step two is mild; the claimant need show only that his impairment is not so slight and its effect not so minimal. McDaniel, 800 F.2d at 1031.

At the outset, the Court finds that it is unclear which impairments the ALJ considered when finding no impairment to be individually severe and which impairments the ALJ considered when finding the impairments collectively to be severe. After considering the evidence, the ALJ found that Plaintiff suffered from "acute problems," none of which were severe impairments. (T. 19) Giving Plaintiff the benefit of the doubt, the ALJ found the unspecified "acute problems," in combination, to be severe. (T. 19) However, the ALJ failed to state which impairments or combination of impairments he considered at step two. Because no specific impairments were identified by the ALJ at step two, the analysis is flawed at steps three through five in the sequential evaluation. In fact, at no point in the sequential analysis or related findings does the ALJ identify Plaintiff's impairments. As such, he failed to evaluate the conditions related to Plaintiff's impairments and their effect upon Plaintiff's functional capacity.

The ALJ's decision does not provide a sufficient basis for this Court to

determine that the correct severity standard was applied.  Because this Court cannot ascertain whether the ALJ in this case applied the governing standard at step two of sequential evaluation, remand is required. See McDaniel, 800 F.2d at 1031-32; see also Keeton, 21 F.3d at 1066; Jamison, 814 F.2d at 588.

Upon remand, the ALJ must state which impairments he considers to be severe.  Additionally, the ALJ must properly discount any impairments he finds are not severe, either singularly or in combination. To this end, the ALJ is reminded of the Social Security Administration's ("S.S.A.") policy, which cautions that:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.  Rather, it should be continued.  In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

Social Security Ruling (SSR) 85-28, 1985 WL 56856 *4 (S.S.A.).  The law is clear that only after a proper step-two analysis is completed can steps three through five be completed.

**B.     The ALJ Failed to Evaluate Plaintiff's Subjective Complaints Fully and Adequately.**

Plaintiff contends next that the ALJ failed to evaluate her subjective complaints of back pain and depression fully and adequately because the ALJ did

6

not specifically state reasons for discrediting the subjective claims.

In reviewing the ALJ's decision, the Court must first determine whether, as a matter of law, the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987).  If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet that pain standard is supported by substantial evidence.  See id.  The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence.  See Foote, 67 F.3d at 1562.

In the present case, by failing to identify which impairments were considered at step two, the ALJ necessarily discredited Plaintiff's subjective claims and testimony without applying the pain and subjective complaint analysis.  Because the Court cannot determine which impairments the ALJ considered, it cannot determine whether the ALJ applied the correct legal standard in evaluating Plaintiff's subjective complaints.

Upon remand, the ALJ must, after re-evaluating the severity of Plaintiff's impairments as described above, conduct a proper analysis of her subjective complaints, following the Eleventh Circuit's pain standard. See Mason v. Bowen, 791 F.2d 1460, 1462 (11th Cir. 1986).

> **C.   The ALJ failed to Give Proper Consideration to the Opinions of Plaintiff's Treating Physicians.**

Finally, Plaintiff alleges the ALJ failed to afford substantial weight to the

opinions of Drs. Joseph O. Muscat and Ely Bartal, her treating physicians.

The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988)(citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The reports of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir. 1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir. 1980); Lamb, 847 F.2d at 703 (stating that "[t]he opinions of non-examining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence."). Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551 (11th Cir.1987). This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients

and in that capacity are best qualified to assess the nature of the claimed disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Considered against this standard, Plaintiff's contention regarding Dr. Bartal and Dr. Muscat fails. A one-time examination of Plaintiff does not qualify a physician as a "treating physician" and as such is not entitled to deference. Duyck v. Chater, 907 F. Supp. 330, 342 (D. Ore. 1995); McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)). According to the record Dr. Bartal saw Plaintiff only once, in 1989. (T. 153) That visit was the result of a referral by another one of Plaintiff's physicians. (T. 153) According to the record, Dr. Muscat also saw Plaintiff only one time, in August 2000. (T. 154) Absent from the record is evidence of additional visits by Plaintiff to either Dr. Muscat or Bartal. Therefore, neither Dr. Bartal nor Dr. Muscat qualify as treating physicians in this case and there is no error on this point. This is not to say that their opinions are entitled to no weight. On remand, the ALJ should expressly state what weight, if any, he accorded to these physicians' opinions.

## IV. CONCLUSION

The ALJ failed to articulate which impairments were considered at step two of the sequential analysis and thereby caused flawed analysis at steps three through five. Because the ALJ's analysis was flawed at step two, this Court cannot determine whether Plaintiff's subjective complaints were fully and adequately evaluated by the ALJ. Therefore, the Undersigned **REVERSES AND REMANDS** the Commissioner's decision for further proceedings in accordance with this Order.

9

The **CLERK** is directed to **ENTER** judgment in favor of Plaintiff and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on this 29th day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record